IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHAD ANDREW STITES,

                Plaintiff,                              ORDER

      v.                                                 12-cv-383-slc

GARY HAMBLIN, JOHN MAHONEY,
JAIL ADMINISTRATOR (JOHN DOE),
JASON RUSSELL, DANE COUNTY SERGEANT (JOHN DOE) and
DANE COUNTY MEDICAL STAFF (DR. JANE DOE & NURSE JANE DOE),

                Defendants.

---

      Plaintiff Chad Stites, a prisoner at the Oakhill Correctional Institution in Oregon, Wisconsin has submitted a proposed complaint under 42 U.S.C. § 1983.  He asks for leave to proceed *in forma pauperis*.  Because plaintiff is a prisoner, he is subject to the 1996 Prisoner Litigation Reform Act.  This means that before this court may decide whether he can proceed with his complaint *in forma pauperis*, plaintiff will have to make an initial partial payment of the filing fee.

      In determining whether a prisoner litigant qualifies for indigent status this court applies the formula set forth in 28 U.S.C. § 1915(b)(1).  According to this formula, a prisoner requesting leave to proceed *in forma pauperis* must prepay 20% of the greater of the average monthly balance or the average monthly deposits made to his prison account in the six-month period immediately preceding the filing of the complaint.

      In this case, 20% of the average monthly balance in his account is $15.57, but 20% of the average monthly deposits made to his account is $22.35.  Because the greater of the two amounts is 20% of the average monthly deposits, or $22.35, that is the amount plaintiff will be assessed as an initial partial payment of the filing fee.  If plaintiff does not have the money to

make the initial partial payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that plaintiff is free to ask prison authorities to pay *all* of his filing fee from his release account. The only amount plaintiff must pay at this time is the $22.35 initial partial payment. Before prison officials take any portion of that amount from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes. Plaintiff should show a copy of this order to prison officials to insure that they are aware they should send plaintiff's initial partial payment to this court.

ORDER

IT IS ORDERED that plaintiff Chad Stites is assessed $22.35 as an initial partial payment of the $350 fee for filing this case. He is to submit a check or money order made payable to the clerk of court in the amount of $22.35 on or before June 22, 2012. If, by June 22, 2012, plaintiff fails to make the initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily. In that event, the clerk of court is directed to close this file without prejudice to plaintiff's filing his case at a later date.

Entered this 1st day of June, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge