IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHAD ANDREW STITES,

                Plaintiff,                          ORDER

    v.

                                                        12-cv-383-wmc

SHERIFF DAVID MAHONEY, *et al.*,

                Defendants.

---

      Pro se plaintiff Chad Andrew Stites has been granted leave to proceed on his claims that Dane County Sheriff David Mahoney, Dane County Jail Administrator John Doe and Nurse Jane Doe failed to implement adequate policies to protect him from being infected with MRSA while housed at the Dane County Jail.  On August 29, 2013, defendant Mahoney answered the complaint, raising multiple affirmative defenses.  (Dkt. #20.) Plaintiff filed a motion on September 19, 2013 requesting an extension of 30 days to respond to Mahoney's affirmative defenses.  (Dkt. #22.)  That motion was denied on September 26, 2013.  (Dkt. #25.)  Plaintiff has since filed a motion to strike various affirmative defenses pursuant to Rule 12(f) of the Federal Rules of Civil Procedure (dkt. #26), which will now be denied.

      First, Rule 12(f)(2) requires that a motion to strike an insufficient defense be made "within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2).  Pursuant to Rule 5(b)(2)(C), the effective date of service is the date of mailing.  Here, the Certificate of Service attached to Mahoney's Answer indicates that it was mailed to plaintiff on August 29, 2013.  (*See* Certificate of Service (dkt. #20-1).)  Since plaintiff's motion to strike was filed with the court on October 7, 2013 (dkt. #26), his motion is untimely under Rule 12(f)(2).

Second, and more importantly, motions to strike are generally disfavored, because of their "potential[] [to] serve only to delay." *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Plaintiff has not convinced the court that his current motion overcomes that general rule. On the contrary, his allegation that he will be prejudiced by having to expend discovery resources to counter particular defenses is without basis. While many of the defenses are boilerplate, unnecessary or are suspect on their face as a matter of law, no factual discovery will be required for plaintiff to prevail on that basis. To the extent others will require discovery, that is as it should be. Moreover, as two defendants have not yet been identified, and the defendant who has answered has filed no dispositive motions relying on any of these defenses, plaintiff's motion is, at best, premature. Finally, since "[d]efenses are pleadings, and as such, leave to amend is freely granted as justice requires," *id.*, the court is not convinced that striking the identified affirmative defenses would serve any purpose beyond delay of the ultimate litigation of the merits.

## ORDER

IT IS ORDERED that plaintiff Chad Andrew Stites' motion to strike defendant Sheriff David Mahoney's affirmative defenses is DENIED.

Entered this 4th day of November, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge