IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHAD ANDREW STITES,

        Plaintiff,

v.

SHERIFF DAVID MAHONEY, *et al.*,

        Defendants.

ORDER

12-cv-383-wmc

---

Plaintiff Chad Andrew Stites has filed this civil action pursuant to 42 U.S.C. § 1983, concerning the conditions of his confinement at the Dane County Jail. Defendants have filed a motion to compel plaintiff's response to several interrogatories. (Dkt. # 32). To the extent that plaintiff has not already complied, the motion will be granted. Stites has filed a motion for an extension of time, up to and including March 21, 2014, in which to name an expert witness. (Dkt. # 46). That motion, which defendants have not opposed, also will be granted. Stites has filed a motion for "appointment" of counsel. (Dkt. # 47). That motion will be denied for reasons outlined briefly below.

Stites should be aware that civil litigants have no constitutional or statutory right to the appointment of counsel. *E.g.*, *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866 (7th Cir. 2013); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). The court may exercise its discretion in determining whether to recruit counsel *pro bono* to assist an eligible plaintiff who proceeds under the federal *in forma pauperis* statute. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent an indigent civil litigant *pro bono publico*."); *Luttrell*, 129 F.3d at 936. The court cannot, however, "appoint" counsel to represent an indigent civil litigant; it merely has the discretion to recruit a volunteer in an appropriate case.

Because Stites has been found indigent previously in this case, the court will construe his motion to appoint counsel as one seeking the court's assistance in recruiting a volunteer under 28 U.S.C. § 1915(e)(1). Before deciding whether it is necessary to recruit counsel, however, a court must find that the plaintiff has made reasonable efforts to find a lawyer on his own and has been unsuccessful, or that he has been prevented from making such efforts. *Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). This generally requires plaintiff to provide the names and addresses of at least three attorneys to whom he has written seeking *pro bono* representation, but have turned him down. To date, Stites has provided only one rejection letter from a local law firm. (Dkt. # 7). Because he does not otherwise meet this threshold requirement, his motion for court assistance in recruiting counsel must be denied.

## ORDER

IT IS ORDERED that:

1) Defendants' motion to compel discovery (dkt. # 32) is GRANTED.

2) Plaintiff Chad Stites' motion for an extension of time to name an expert witness (dkt. # 46) is GRANTED.

3) Plaintiff's motion for appointment of counsel (dkt. # 47) is DENIED.

Entered this 30th day of April, 2014.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge