IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHAD STITES,

    Plaintiff,

v.

SHERIFF DAVID MAHONEY, *et al.*,

    Defendants.

ORDER

12-cv-383-wmc

---

Plaintiff Chad Andrew Stites filed this civil action under 42 U.S.C. § 1983, challenging the conditions of confinement at the Dane County Jail. On August 27, 2014, the court granted the defendants' motion for summary judgment and dismissed this case after finding that plaintiff failed to exhaust available administrative remedies before filing suit as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Plaintiff has now filed a motion for reconsideration, which is construed as one seeking to alter or amend the judgment under Fed. R. Civ. P. 59(e).

To prevail on a motion under Rule 59(e), the moving party must identify an error of law that merits reconsideration of the judgment. *See Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008); *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511-12 (7th Cir. 2007). Here, plaintiff argues that he is entitled to relief from the judgment because exhaustion is not required when only money damages are sought. This argument could have and should have been raised in response to the motion for summary judgment. In any event, the United States Supreme Court has rejected this precise argument, holding that the PLRA requires exhaustion even where the sole relief sought is monetary damages. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 734 (2001)).

Plaintiff has failed to demonstrate that the dismissal order was entered in error. Accordingly, plaintiff's motion for reconsideration must be denied.

ORDER

IT IS ORDERED that plaintiff Chad Andrew Stites's motion for reconsideration (Dkt. # 68) is DENIED.

Entered this 25th day of September, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge