IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CHAD ANDREW STITES,

                         Plaintiff,                                      ORDER

     v.                                                              12-cv-383-wmc

SHERIFF DAVID MAHONY, et al.

                        Defendant.

On March 4, 2016, this court denied plaintiff Chad Stites' motion for relief from judgment under Fed. R. Civ. P. 60(b)(2) and (3). On April 8, 2016, Stites filed a notice of appeal and a request for leave to proceed *in forma pauperis* on appeal. On April 18, the court granted Stites' motion for leave to proceed *in forma pauperis* on appeal and certified that the appeal was not taken in bad faith. In the meantime, however, the Seventh Circuit notified Stites that his notice of appeal was filed four days late. (7th Cir. Appeal No. 16-1790 (Dkt. #2).) Stites has now filed a motion in this court requesting acceptance of his late notice of appeal, because he had mistakenly believed his notice of appeal was timely if placed in the mail by the April 4th deadline. (Dkt. #92.)

The court may grant a motion for extension of time to file an appeal if the motion is filed within 30 days of the expiration of the original time to file the appeal and the party seeking the extension shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A). Here, Stites argues that his untimely notice of appeal should be accepted under the doctrine of excusable neglect. "The standard for reviewing whether neglect is 'excusable' is an equitable one, taking into consideration relevant circumstances, including: (1) the danger of prejudice to the non-moving party; (2) the length of the

delay and its impact on judicial proceedings; (3) the reason for the delay (i.e., whether it was within the reasonable control of the movant); and (4) whether the movant acted in good faith." *Sherman v. Quinn*, 668 F.3d 421, 425 (7th Cir. 2012).

After consideration of these factors, especially as informed by Stites *pro se* status, the court concludes that he has shown excusable neglect. Stites' delay was only four days, and there is no danger of prejudice to defendants. Additionally, Stites has provided an explanation for the delay that, however mistaken, appears to have been based on a good faith belief his appeal time included up to three additional days for mailing under the "mailbox rule" set forth under *Houston v. Lack*, 487 U.S. 266 (1988). Unbeknownst to Stites, the mailbox rule recognized in *Houston* applies only to prisoners. *See* also Fed. R. App. P. 25(a)(1)(C) (paper is timely if deposited in institution's internal mailing system on or before last day of filing).

Although Stites was incarcerated at the time he *filed* this lawsuit, he was no longer incarcerated at the time of his appeal, and he could no longer take advantage of the mailbox rule. The court is satisfied that Stites' lack of recognition of this nuance in the mailbox rule was not the result of any bad faith on his behalf. Accordingly, the court concludes that the Stites' deadline for filing his notice of appeal should be extended.

ORDER

IT IS ORDERED that plaintiff Chad Stites's motion for an extension of time to file an appeal (dkt. #92) is GRANTED.

Entered this 27th day of April, 2016.

                                BY THE COURT:

                                /s/

                                _____
                                WILLIAM M. CONLEY
                                District Judge